J-S38003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM DURELL WILSON | : | |
| | : | |
| Appellant | : | No. 1064 EDA 2024 |

Appeal from the PCRA Order Entered October 11, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0006125-2017

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JULY 30, 2025**

Appellant, William Durrell Wilson, is serving a sentence of 35-70 years' imprisonment for third-degree murder, conspiracy to commit third-degree murder, aggravated assault, and related charges. Appellant filed a petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court entered an order dismissing this petition. Instead of appealing the order of dismissal, Appellant filed a second PCRA petition more than one year after his judgment of sentence became final. The PCRA court ordered reinstatement of Appellant's right to appeal *nunc pro tunc* from the order dismissing his first PCRA petition. Appellant then filed the appeal presently under review. It is unclear, however, whether Appellant's second petition is timely under the PCRA's statute of limitations. Accordingly, we remand for further proceedings concerning the issue of timeliness.

---

[*] Former Justice specially assigned to the Superior Court.

The following evidence was adduced during Appellant's trial. Video surveillance showed that at about 6 p.m. on July 6, 2017, Appellant was driving his car in Norristown with co-defendant Isaiah Freeman occupying the front passenger seat. B.B., a juvenile male, sat in the rear. Appellant and Freeman decided that Freeman would shoot two individuals they had seen walking in the neighborhood, 16-year-old Jordan Scott and his juvenile friend Taye Wynder. Appellant drove to Blackberry Alley, stopped the car with the engine running, drew two handguns from under the driver's seat and offered them to Freeman. Surveillance depicted Freeman exiting Appellant's vehicle and running up Blackberry Alley with a dark hoody drawn over his head to conceal his identity. Freeman jumped out from a building corner at Chain Street and repeatedly fired one of the handguns that Appellant had handed him, fatally wounding Scott and seriously injuring Wynder.

In April 2018, Appellant and Freeman were tried together before a jury. The jury convicted Appellant of third-degree murder, conspiracy to commit third-degree murder, aggravated assault and related charges. The jury found Freeman guilty of first-degree murder and conspiracy to commit first-degree murder but acquitted Appellant of these charges. The court sentenced Appellant to 35-70 years' imprisonment. On October 27, 2020, this Court affirmed Appellant's judgment of sentence. Appellant did not petition for allowance of appeal in the Pennsylvania Supreme Court.

On May 25, 2021, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who sought leave to withdraw after notifying

Appellant that his petition lacked merit. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. In the same notice, the court granted counsel leave to withdraw.

In response to the Rule 907 notice, Appellant hired private counsel, who filed a motion requesting ninety days to review the record. The PCRA court granted this motion and later granted several additional extensions.

On February 27, 2023, the PCRA court ordered private counsel to file an amended PCRA petition by April 28, 2023. Private counsel did not file an amended petition. On October 11, 2023, the court entered a 21-page order dismissing Appellant's original PCRA petition without a hearing.

Appellant did not appeal from the order dismissing his original PCRA petition. Instead, on October 19, 2023, private counsel filed a petition for reconsideration of the dismissal order, alleging that he had a discovery motion prepared and was awaiting a legal call to review it with Appellant when the court issued its dismissal order. The court did not rule on the motion for reconsideration.

On December 15, 2023, Appellant filed a second *pro se* PCRA petition seeking reinstatement of his right to appeal the dismissal order. Appellant alleged that private counsel was ineffective for moving to reconsider the dismissal order instead of filing an appeal.

On January 18, 2024, the Commonwealth filed an answer to the second PCRA petition stating that it did not oppose reinstatement *nunc pro tunc* of Appellant's right to appeal the dismissal of his first PCRA petition.

On February 6, 2024, the PCRA court ordered reinstatement of Appellant's appellate rights *nunc pro tunc* to appeal from the order dismissing his first PCRA petition. On February 16, 2024, Appellant mailed a timely notice of appeal. The PCRA court did not order Appellant to file a statement of matters complained of on appeal. Nor did the PCRA court file a Pa.R.A.P. 1925 opinion.

On May 3, 2024, Appellant filed a *pro se* brief in this Court raising the following issues:

> Was Appellant deprived of his state created right to post-conviction counsel where [PCRA] counsel failed to file an amended PCRA petition as ordered by the PCRA Court?
>
> Did Appellant receive ineffective assistance of counsel where trial counsel failed to correct false and misleading testimony concerning promises made to a Commonwealth witness in exchange for his testimony?
>
> Did Appellant receive ineffective assistance of counsel where trial counsel failed to demur to the Third Degree Murder, Aggravated Assault and Conspiracy convictions?

Appellant's Brief at 3.

Before reviewing these issues, we must first determine whether Appellant's second PCRA petition was timely under the PCRA's statute of limitations. The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) ("no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within

one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***Id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010).

In this case, Appellant's judgment of sentence became final on November 30, 2020, his deadline for seeking direct review in our Supreme

Court. His second PCRA petition, the petition presently under review, is untimely on its face because it was filed in December 2023, more than one year after his judgment of sentence became final. Therefore, the PCRA court lacked jurisdiction over his second PCRA petition unless Appellant satisfies one of the three exceptions to the statute of limitations in Section 9545(b)(1).

Appellant appears to contend that his second PCRA petition satisfies the newly discovered evidence exception to the statute of limitations, Section 9545(b)(2). Appellant alleges that private counsel was ineffective for moving to reconsider the order dismissing his PCRA petition instead of appealing to this Court within thirty days after the order. Appellant claimed that "[c]ounsel convinced [Appellant] that the next step was to file A Motion to Reconsider the Dismissal of the PCRA Petition, asking the Court to reopen the PCRA so counsel could correct his error and file the ordered amended petition." Second PCRA Petition at ¶ 8. Appellant claims he did not discover that a petition for reconsideration does not toll the appeal period until he was doing research in the prison law library and discussed his case with law clerks at the library. *Id.* at ¶ 9.

Based on the present state of the record, we cannot tell whether Appellant's second PCRA petition is timely under Section 9545(b)(2). We conclude that the PCRA court must conduct further factfinding on the issue of timeliness.

Generally, a claim that prior counsel rendered ineffective assistance "is not the type of [newly]-discovered evidence encompassed by" Section 9545(b)(1)(ii). **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000). There exists, however, an exception to this principle that might apply to this case—specifically, "whenever PCRA counsel takes **any** action that wholly deprives his or her client of the right to appellate review of collateral claims, counsel will be deemed to be ineffective *per se.*" **Commonwealth v. Parrish**, 224 A.3d 682, 701 (Pa. 2020) (emphasis in original) (counsel's vague Rule 1925(b) statement in PCRA appeal amounted to complete forfeiture of petitioner's right to appellate review of his claims and constituted ineffectiveness *per se*); **see also Commonwealth v. Miller**, 2023 WL 6378154 (Pa. Super., Sep. 29, 2023) (unpublished memorandum)[1] (where appeal of order denying first PCRA petition was quashed due to counsel's erroneous notice of appeal, and petitioner did not learn of counsel's mistake until after quashal, Appellant's second PCRA petition satisfied newly-discovered evidence exception to PCRA's jurisdictional time bar).

At this juncture, however, we cannot tell whether **Parrish's** exception applies to this case, because two important details are absent from Appellant's second PCRA petition.

_____

[1] **See** Pa.R.A.P. 126 (non-precedential, unpublished memorandum of this Court filed after May 1, 2019 may be cited for its persuasive value).

First, Appellant's second petition alleges that after the court dismissed his first petition on October 11, 2023, private counsel advised Appellant that the proper step was to file a petition for reconsideration instead of an immediate appeal. Appellant alleged that he agreed to this step. Private counsel filed a petition for reconsideration on October 19, 2023. There was nothing wrong with private counsel's advice that Appellant could move for reconsideration **so long as** counsel also advised that Appellant had to appeal by Friday, November 10, 2023, if the PCRA court either denied reconsideration or did not act on the reconsideration petition. Appellant's second PCRA petition seems to suggest, but does not explicitly state, that private counsel failed to tell Appellant that he had to appeal by November 10, 2023. *See* Second PCRA Petition at ¶¶ 8-9 and Memorandum of Law one page before Conclusion (accusing counsel of "misinformation to [Appellant] about filing a Motion to Reconsider without a Notice of Appeal").

Second, Appellant's second petition alleges that he discovered that a reconsideration petition does not toll the thirty-day appeal period while doing research in the prison library and talking about his case with library law clerks. Appellant, however, fails to state **the date** on which he made this discovery, so it is unclear whether Appellant made this discovery before or after expiration of the thirty-day appeal period. If Appellant made this discovery before the appeal period expired, he might have been able to file a notice of appeal on or before November 10, 2023, thus rendering the newly discovered

evidence exception inapplicable. If Appellant made this discovery after the appeal period expired, his second PCRA petition conceivably is timely under the newly discovered evidence exception.

Accordingly, we remand this case to the PCRA court for an evidentiary hearing on two questions:

(1) When private PCRA counsel advised Appellant that the proper step was to file a reconsideration petition, did private counsel inform Appellant that a reconsideration petition did not toll the appeal period?

(2) On what date did Appellant learn that a reconsideration petition did not toll the appeal period?

We direct the PCRA court to hold a hearing on these issues and enter an order deciding these issues within the next ninety days. Upon receipt of the court's order, we will complete our review of the timeliness of this appeal and take any further necessary action.

Case remanded for further proceedings in accordance with this memorandum. Jurisdiction retained.